Filed 6/30/26  P. v. Munoz CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B338976 |
| Plaintiff and Respondent, | Los Angeles County Super. Ct. No. KA090526 |
| v. | |
| LOUIE MUNOZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Jacqueline H. Lewis, Judge.  Affirmed.

Sarah S. Sanger, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Zee Rodriguez, Michael C. Keller and Lauren Guber, Deputy Attorneys General, for Plaintiff and Respondent.

————————————

When a defendant seeks resentencing under Penal Code section 1172.75 and a court reimposes an upper term sentence, must it apply the heightened factfinding of recently amended Penal Code section 1170?  Our Supreme Court is considering this issue.  Appellate courts are mostly — but not entirely — united in answering this question "no."  We gave this answer one month ago in *People v. Moss* (2026) 120 Cal.App.5th 375, 377 (*Moss*).  We follow *Moss* and affirm.  Statutory citations are to the Penal Code.

We covered the facts in *People v. Munoz* (Feb. 22, 2012, B227941) [nonpub. opn.].  There, we upheld Louie Munoz's convictions for burglary and receiving stolen property, and his prison sentence of 21 years, four months.  The sentence included the upper term of six years on one burglary count, doubled due to a strike (§ 1170.12; § 667, subd. (b)), and three prior prison term enhancements (§ 667.5, subd.(b)).  (*Id.*)

Nearly a decade later, the Legislature enacted two relevant sentencing laws.

First, it changed the framework for when courts may impose the upper term in a sentencing triad.  (See *People v. Lynch* (2024) 16 Cal.5th 730, 746–748 [outlining the old 2007 framework and the new 2022 framework].)  The amended statute, section 1170, generally requires a jury to find aggravating circumstances used to impose an upper term, where the circumstances are not based on prior convictions or the defendant's stipulation.  (See § 1170, subds. (b)(2) & (b)(3).)

In the same session, the Legislature invalidated enhancements for prior prison terms through what is now section 1172.75.  (*Moss*, *supra*, 120 Cal.App.5th at p. 378.)  This statute not only enables a defendant to have those enhancements

stricken, it provides for full resentencing under current law and the Judicial Council rules.  (§ 1172.75, subds. (a), (c) & (d).)

Subdivision (d)(4) addresses upper terms directly:  "Unless the court originally imposed the upper term, the court may not impose a sentence exceeding the middle term unless there are circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle term, and those facts have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial."  (§ 1172.75, subd. (d)(4).)

In 2023, Munoz petitioned the trial court for resentencing under section 1172.75.  The court held a hearing and struck the three invalid enhancements.  Then it reimposed the upper term for the first burglary count, noting "the original trial court imposed that" so "the court does not need to make any special findings in regards to that."  The court left the remainder of the sentence intact.  Munoz's sentence became 18 years, four months.

Munoz's sole claim on appeal is the court violated amended section 1170 and his jury trial rights by reimposing the upper term without a stipulation or jury findings on aggravating factors.

*Moss* addresses this very issue.  There, we explained "the Legislature intended subdivision (d)(4) to limit the otherwise broad, ameliorative scope of a section 1172.75 resentencing, and … the Legislature could so limit the scope of relief for defendants with already-imposed, proper upper-term sentences without generating new constitutional concerns under [*Apprendi v. New Jersey* (2000) 530 U.S. 466]."  (*Moss*, *supra*, 120 Cal.App.5th at p. 380; see also *People v. Mathis* (2025) 111 Cal.App.5th 359, 373–374, review granted Aug. 13, 2025, S291628 (*Mathis*) [rejecting

3

the contention that § 1172.75(d)(4) must be construed, as a matter of constitutional avoidance, to require aggravating factors be found by the factfinder or admitted by the defendant].)

*Mathis*, on which *Moss* relies, explains why there is no Sixth Amendment problem where a court lawfully sentenced a defendant to an upper term under the 2007 framework and then retains the upper term in a section 1172.75 proceeding without additional factfinding. (*Mathis*, *supra*, 111 Cal.App.5th at pp. 371–374, review granted Aug. 13, 2025, S291628.)

Munoz urges us to follow an older, outlier case, *People v. Gonzalez* (2024) 107 Cal.App.5th 312. We decline, for the valid reasons stated in *Moss* and *Mathis*.

Section 1172.75, subdivision (d)(4), is clear. It creates an exception to section 1170's new factfinding requirements for previously imposed upper term sentences.

## DISPOSITION

We affirm the judgment.

WILEY, Acting P. J.

We concur:

VIRAMONTES, J.

SCHERB, J.

4